**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009[*]
Decided June 22, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3156

| | |
|---|---|
| YAODI HU, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 08 C 1033 |
| AMERICAN BAR ASSOCIATION and | |
| ILLINOIS INSTITUTE OF | Ruben Castillo, |
| TECHNOLOGY, | *Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

Yaodi Hu appeals the dismissal of a complaint filed under 42 U.S.C. § 1983 against the American Bar Association and the Illinois Institute of Technology. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

According to the complaint, Hu had earned about two years' credit at IIT's Kent College of Law before he took a leave of absence in 1991. He never graduated. In February 2008, during his most-recent attempt to reenroll at IIT, Hu was informed that ABA Standard 304(c)—which requires a student to obtain a degree within 84 months of commencing law study—prohibits the school from honoring the credits he earned before he withdrew. Hu filed a complaint against the ABA and later amended the complaint to include IIT, claiming that ABA Standard 304(c) deprives him of a variety of constitutional rights. The district court dismissed the complaint because neither the ABA nor IIT is a state actor. Hu then sought leave to amend his complaint to claim that the ABA's enforcement of Standard 304(c) violates the Sherman Act's prohibition against price fixing. The district court denied the motion.

Hu principally argues that the district court should have found, at least for purposes of his complaint, that the ABA and IIT are state actors because, he asserts, the Supreme Court of Illinois delegates to the ABA complete authority to regulate legal education, and IIT enforces the ABA's rules. Our review is de novo. *Vill. of DePue, Ill., v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008). Because Hu filed suit under § 1983, his complaint had to plausibly allege that the ABA and IIT are state actors. *See Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852 (7th Cir. 2002). Hu seems to misunderstand the relationship between the ABA and the Supreme Court of Illinois. ABA Standard 304(c) indeed mandates that accredited law schools require students to complete their studies within 84 months, but the ABA is not a state actor because the Supreme Court of Illinois, not the ABA, decides whether graduation from an ABA-accredited school is necessary to practice law in Illinois. *See* ILCS S. Ct. Rule 703(b); *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 194-95 (1988); *Lawline v. Am. Bar Assoc.*, 956 F.2d 1378, 1384-85 (7th Cir. 1992) (explaining that a state actor's choice to adopt a private association's rules does not transform the private association into a state actor). And IIT, which we have held is not a state actor, does not become a state actor by enforcing rules promulgated by another private institution. *See Cohen v. Ill. Inst. of Tech.*, 524 F.2d 818, 821, 827 (7th Cir. 1975).

Hu's other arguments are likewise meritless, but we comment briefly on two of them. Hu contends that Judge Castillo should have recused himself under 28 U.S.C. § 455(b)(4), which requires disqualification if a judge has a financial interest in a party to the litigation. And, according to Hu, the ABA has reimbursed Judge Castillo for expenses incurred while appearing at its events, and thus the judge has a financial interest in the association. But "interest," as used in § 455(b)(4), means "an investment or other asset whose value depends on the outcome, or some other concrete financial effect." *Guardian Pipeline, L.L.C., v. 950.80 Acres of Land*, 525 F.3d 554, 557 (7th Cir. 2008); *see Hook v. McDade*, 89 F.3d 350, 356 (7th Cir. 1996). Moreover, a judge's membership in a bar association, or his

receipt of reimbursement for participating in bar-association activities, does not create the type of relationship that would cause us to doubt his ability to preside impartially over a case in which the bar association is a party. *See Hirsh v. Justices of the Sup. Ct. of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *In re City of Houston*, 745 F.3d 925, 930 n. 8 (5th Cir. 1984); *Plechner v. Widener College, Inc.*, 569 F.2d 1250, 1262 n.7 (3d Cir. 1977).

Hu also argues that the district court abused its discretion by refusing to permit him to amend his complaint after the case already had been dismissed. A party cannot amend a dismissed complaint without first establishing a valid basis to set aside the dismissal, which Hu did not do. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). Moreover Hu's proposed claim under the Sherman Act is frivolous, and a district court does not abuse its discretion by refusing to allow a plaintiff to make futile amendments to a complaint, *see Lott v. Levitt*, 556 F.3d 564, 570 (7th Cir. 2009).

Accordingly, we AFFIRM the judgment of the district court.